Ayers v. Bintliff.

---

### George L. Ayers et al. v. Mary L. Bintliff et al.

1. CONFESSION OF ERRORS—*Where None Are Assigned.*—Where no errors have been assigned none can be confessed.

Interlocutory Order, appointing a receiver. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1896. Appeal dismissed. Opinion filed October 19, 1896.

WILLIAM J. LAVERY, attorney for appellants.

No appearance for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

July 21, 1896, in the Superior Court, an interlocutory decree was entered, among other things appointing a receiver, from which the appellants perfected an appeal by filing a bond the next day.

The last day for filing the record here was September 19, 1896. (Act of 1877, concerning appeal from interlocutory orders.)

October 7, 1896, the appellants filed here a transcript of the decree and appeal bond, and later in the same day the appellees filed here a transcript of the whole record of the case. October 8, 1896, the appellants moved to dismiss the appeal, which was done, and the appellees now move to set that dismissal aside, and for leave to confess errors, and that the court shall reverse the decree and direct the Superior Court to dismiss the bill. As the appellants have not assigned any errors, none can be confessed, and as the appeal was not perfected in this court within sixty days after the decree was entered, this court has no jurisdiction to do anything in it, but dismiss it. Schillo v. Anderson, 51 Ill. App. 403.

There is, therefore, no reason to set aside the dismissal already made, and that exhausts the power of the court.

No costs are awarded to either party.